UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMMANUEL LOWE (#536837)                                                  CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                                    NO. 12-0329-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 18, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMMANUEL LOWE (#536837)                                             CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                               NO. 12-0329-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 25.[1]  This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden N. Burl Cain, Lt. Melvin McDowell, Officer Isaac Jones, Officer Robert Bradley, Officer Mark Allen, Officer Chris Shell, Capt. Barrett Boeker, Warden's Designee Connie McCann, Ass't Warden Troy Poret, Medical Technician Leminda Lackie Nicholas (identified in the plaintiff's Complaint as "L. Leclie"), Dr. Jonathan Roundtree and an unidentified nurse employed at LSP.  The plaintiff complains that defendant Shell subjected the plaintiff to verbal harassment on October 15, 2009, and to an alleged sexual assault on December 6, 2009, and when the plaintiff filed an administrative grievance complaining of the latter incident, he was allegedly retaliated against by defendant Poret, who transferred the plaintiff to

---

[1] The defendants' Motion for Summary Judgment was originally filed on behalf of defendants James LeBlanc, N. Burl Cain, Melvin McDowell, Isaac Jones, Robert Bradley, Mark Allen, Barrett Boeker, Connie McCann, Troy Poret and Dr. Jonathan Roundtree.  Upon service of the Complaint upon defendants Chris Shell and Leminda Lackie Nicholas, these two additional defendants have been granted leave to adopt the Motion for Summary Judgment filed by the other defendants.  See rec.doc.no. 44.

segregated confinement on an unspecified date.  Thereafter, on December 27, 2009, the plaintiff was again allegedly subjected to excessive force, this time by defendants Bradley and Allen, who entered the plaintiff's cell, subjected him to chemical agents and to the use of a taser, beat him until he lost consciousness and subjected him to further sexual assault.  When the plaintiff was then escorted to the prison infirmary, medical officers, including defendants Nicholas and Roundtree, allegedly refused to treat him, purportedly in retaliation for the original criminal offense for which the plaintiff was incarcerated.  Finally, the plaintiff complains of separate incidents occurring on May 5, 2010, and June 29, 2011, when he was accused of wrongdoing on each date and was allegedly subjected to irritant spray by defendant Boeker on the former date and to irritant spray and a physical assault by defendants McDowell and Jones on the latter date.[2]  The plaintiff asserts that the actions of all defendants have been part of a conspiracy to retaliate against him and to torture and/or harass him for the original criminal offense which has caused him to be confined at LSP.  The plaintiff also asserts that an administrative grievance which he filed relative to the foregoing events was wrongly rejected by prison officials after it was initially accepted.

The moving defendants seek summary judgment herein, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's administrative remedy proceedings, and the affidavit of Rhonda Z. Weldon.

---

[2] The plaintiff also includes allegations in his Complaint relative to medical treatment he received, beginning in April, 2010, but it is not clear that he is complaining of wrongdoing by any defendant in this regard.  Specifically, he states that he began complaining of priapism in April, 2010, but this condition resolved when he was taken to University Hospital in New Orleans, Louisiana on June 4, 2010.  Upon return to LSP on June 5, 2010, he was housed in the LSP Treatment Unit and, on June 30, 2010, suffered an additional medical complication which caused him to again be taken to University Hospital, where he was diagnosed with pneumonia and was advised that his gallbladder needed to be removed, which procedure was undertaken on an unstated date.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. Celotex Corporation v. Catrett, supra, at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson v. Liberty Lobby, Inc., supra, at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, supra, at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little v. Liquid Air Corp., supra, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert.

denied, 502 U.S. 1059 (1992).

In response to the plaintiff's allegations, the defendants assert that the plaintiff has failed to exhaust administrative remedies, as mandated by to 42 U.S.C. § 1997e, relative to the claims asserted herein. Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[3] This provision is mandatory and applies broadly to "all inmate suits about prison life". Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" Johnson v. Johnson, supra, at 516, quoting Porter v. Nussle, supra, at 525.

From a review of the plaintiff's administrative proceedings, it appears that the defendants' motion is well-taken. Specifically, it appears that the plaintiff filed a grievance on or about October 19, 2009, complaining that on that date, defendant Shell approached the plaintiff in the dormitory bathroom, made a sexually suggestive remark, and attempted, unsuccessfully, to grab the plaintiff's penis. This grievance was denied at the First Step of the

---

[3] 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

administrative process on December 11, 2009, and the defendants attest that the plaintiff did not appeal that denial to the Second Step of the process. Accordingly, the plaintiff did not complete the administrative process relative to this claim, and it is subject to dismissal for this reason. The plaintiff also filed a grievance on or about December 6, 2009, complaining therein that defendant Shell did in fact subject the plaintiff to a sexual assault on that date by grabbing the plaintiff's penis while the plaintiff was standing at the urinal in the prison dormitory. By execution of a written form dated January 5, 2010, however, the plaintiff voluntarily withdrew the referenced grievance. Accordingly, the plaintiff failed to exhaust his administrative remedies relative to that incident as well. Finally, on or about September 22, 2011, the plaintiff filed a grievance complaining that on June 29, 2011, he was subjected to excessive force by defendant McDowell without provocation and was charged with a fabricated disciplinary report on that date. In that grievance, the plaintiff also made reference (1) to two prior incidents of excessive force, one on December 29, 2009, by defendants Bradley and Allen, and one on May 5, 2010, by defendant Boeker, (2) to the alleged prior incidents involving defendant Shell on October 19 and December 6, 2009, (3) to alleged deliberate medical indifference by defendant Roundtree and the LSP medical department, and (4) to alleged retaliatory animus on the part of the defendants in response to the plaintiff's original criminal offense. This grievance was initially accepted into the administrative process by prison officials on October 13, 2011, but on October 25, 2011, the plaintiff was advised in writing by defendant Connie McCann that the grievance had been accepted in error and "should have been rejected due to multiple complaints in one letter," and that the plaintiff was only allowed to "have one complaint in each letter." The plaintiff did not thereafter make any attempt to re-submit his claims in proper form. Instead, the plaintiff filed the instant Complaint in this Court on or about June 4, 2012.

Based on the foregoing, the Court concludes that the plaintiff has failed to exhaust administrative remedies relative to the claims asserted in this proceeding. In this regard, the Louisiana administrative procedure involves a two-step process, pursuant to which:

> [A]n inmate may seek formal review of a complaint which relates to any aspect of his incarceration .... Such complaints and grievances include, but are not limited to any and all claims seeking monetary, injunctive, declaratory or any other form of relief authorized by law and by way of illustration, includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, ... or challenges to rules, regulations, policies or statutes.

22 La. ADC, Part I, § 325(E)(1). An inmate is instructed to commence the process by filing a written complaint with the phrase, "this is a request for administrative remedy," 22 La. ADC, Part I, § 325(I)(2)(a) and (b), and such complaint must be filed within ninety (90) days of the incident giving rise to the complaint. 22 La. ADC, Part I, §§ 325(D)(2), 325(I)(1)(j) and 325(J)(1). Prison officials are required to formally respond to an inmate's written grievance within forty (40) days, and an inmate who is unsatisfied with a First Step response may appeal to the Second Step of the administrative process with the Secretary of the Louisiana Department of Public Safety and Corrections, who is granted an additional period of time within which to provide a Second Step response. 22 La. ADC, Part I, § 325(J)(2). A grievance may be rejected for any of the reasons stated in the administrative rules, and one of the reasons allowed for such rejection is that "[t]he offender has requested a remedy for more than one incident (a multiple complaint)." 22 La. ADC, Part I, § 325(I)(1)(g). Further, the rules explicitly provide that any inmate who has questions about the use of the process "may request information about or assistance in using the procedure from their classification officer or from counsel substitute who service their living area." 22 La. ADC, Part I, § 325(D)(3).

In the instant case, none of the three grievances commenced by the plaintiff relative to the claims asserted in this proceeding were completed through the administrative process. The

first such grievance was denied at the First Step and was not appealed to the Second Step of the administrative process; the second grievance was voluntarily withdrawn by the plaintiff; and the third grievance was rejected as asserting multiple claims in a single grievance in violation of prison rules.[4]  Accordingly, the Court finds that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.[5]

_____

[4] The plaintiff asserts in his opposition to the defendants' motion that he needs to engage in additional discovery in order to address the defenses asserted therein.  The plaintiff fails, however, to identify the additional discovery which he requires and fails to explain how such discovery would bear on the issue of administrative exhaustion.

[5] In addition to the foregoing, most of the plaintiff's claims would likely be subject to dismissal as being untimely under the prison administrative remedy procedure and/or under the one-year limitations period applicable to claims asserted under 42 U.S.C. § 1983.  For example, the plaintiff's claims relative to the alleged incidents of excessive force occurring on December 27, 2009, and May 5, 2010, were not asserted in administrative grievances within ninety (90) days of the incidents complained of and, so, would have been subject to dismissal by prison officials as untimely in accordance with the rules applicable to the administrative process.  Further, all of the plaintiff claims except those relative to events allegedly occurring in May and June, 2010, are barred by the one-year limitations period.

Further, in the alternative, it appears clear that the plaintiff has failed to state a cause of action relative to certain of the defendants named in this proceeding.  Specifically, although the plaintiff has named James LeBlanc, N. Burl Cain and Connie McCann as defendants herein, the plaintiff has failed to include any allegations of direct personal involvement by these defendants in the events alleged.  "As a prerequisite [to liability under § 1983], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005), quoting Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).  See also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983) ("Personal involvement is an essential element of a civil rights cause of action"); Lozano v. Smith, 718 F.2d 768 (5th Cir. 1983).  All that the plaintiff has alleged relative to defendants LeBlanc, Cain and McCann is that defendant LeBlanc is the Secretary of the Louisiana Department of Public Safety, defendant Cain is the Head Warden at LSP, and defendant McCann is the Warden's Designee who rejected one of the plaintiff's administrative remedy procedures.  These allegations are insufficient to establish liability on the part of these defendants.  See, e.g., Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005) (holding that an inmate plaintiff has no constitutional right to complain regarding the alleged improper handling of his administrative claims).

RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 25, be granted, dismissing the plaintiff's claims asserted herein, without prejudice, for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e, but with prejudice to re-assertion of the same claim or claims in forma pauperis.[6]

Signed in Baton Rouge, Louisiana, on June 18, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE

---

6 See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).